IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

MYKIEA MILLER # 2729 2019 JUL 26 A 11:06
Full name and prison number
of plaintiff(s)

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

v.

JENNIFER MᶜCOVERY, SGT.

LT. JONES

CIVIL ACTION NO: 19-CV-536-ECM-SMD
(To be supplied by Clerk of
U.S. District Court)

Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

* REQUEST FOR TRIAL By JURY
* ALL DEFENDANTS ACTED UNDER
   COLOR of STATE LAW
* ALL defendants ARE sued
   IN THEIR official &
   INDIVIDUAL CAPACITY
* PLAINTIFF is A TRANSGENDER
   PRISONER.

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES (  )  NO ( ✓ )

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES (  )  NO ( ✓ )

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s)  N/A

            Defendant(s)  N/A

        2.  Court (if federal court, name the district; if
            state court, name the county)

                          N/A

3.  Docket number _____ *N/A* _____

4.  Name of judge to whom case was assigned _____

_____ *N/A* _____

5.  Disposition (for example:  Was the case dismissed?
    Was it appealed?  Is it still pending?) _____

_____ *N/A* _____

6.  Approximate date of filing lawsuit  *N/A*

7.  Approximate date of disposition  *N/A*

II.  PLACE OF PRESENT CONFINEMENT  *VENTRESS CORR FAC.*

_____

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED _____

*EASTERLING CORR. FAC.*

III.  NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR
     CONSTITUTIONAL RIGHTS.
     NAME                          ADDRESS
                                   *EASTERLING CORR FAC.*
1.  *JENNIFER Mc COVERY, SGT.*    *200 WALLACE DR. CLio, AL. 36017*

2.  *MR. JONES, LT.*

3.  _____

4.  _____

5.  _____

6.  _____

IV.  THE DATE UPON WHICH SAID VIOLATION OCCURRED _____

*MAY 2nd, 2019*

V.  STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
    THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:  *FAILURE TO PROTECT.  8B AMENdMENT*

_____

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND.   (State as
best you can the time, place and manner and person involved.)

#1. ON MAY 2nd, 2019 AT EASTERLing CORR. FAC AT
ApPROXIMATELY 6:45AM TO 7:45 AM I WAS PLACED
ON SUicide WATCH By ALDOC BECAUSE Of:

SEE ATTACHED SheeTS:

GROUND TWO:

SUPPORTING FACTS:

GROUND THREE:

SUPPORTING FACTS:

3

VI.  STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT.  CITE NO CASES OR STATUTES.

*I ASK THE COURT TO AWARD ME THE*

*following DAMAGES*

*SEE. ATTACHED. SHEET.*

Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true
and correct.

EXECUTED on *09 – 16-19*
(Date)

Signature of plaintiff(s)

4

## CONTINUED FROM PAGE "3"

2. Mental Health Issues and thoughts of Suicide. On May 2nd, 2019 Plaintiff Mykiea Miller reported to ALDOC at approximately 6:45 am to 7:45 am that Plaintiff Mykiea Miller was having Mental Health Issues and thoughts of Suicide and that Plaintiff Mykiea Miller was planning on hurting herself.

3. ALDOC is required to report it to the Health Care Provider, who is Wexford Health Care, and in fact ALDOC did in fact inform Wexford Health Care that Plaintiff Mykiea Miller was in fact having thoughts of Suicide and wanted to hurt herself.

4. Wexford Health Care has what is called MENTAL HEALTH OBSERVERS aka MENTAL HEALTH SUICIDE PREVENTIONISTS, and their job is: " once a person is placed on Suicide Watch a " Observer" must be assigned immediately to a person at risk of Suicide whose job is to sit at the persons cell door and watch them for 24 hours a day, speaking to them occassionally, and observing them and keeping track of anything that prisoner states and everything that prisoner does and everybody that prisoners sees."

5. Plaintiff Mykiea Miller was NEVER taken to the Health Care Unit by ALDOC who after repeatedly informing Defendant Sgt. Jennifer McCovery that Plaintiff Mykiea Miller was having Suicidal thoughts and that Plaintiff Mykiea Miller wanted to harm herself.

6. Defendant Sgt. Jennifer McCovery and Defendant Lt. Jones knew that the SOP called for any Inmate who informs the ALDOC that they are having Suicidal thoughts are supposed to be watched by /observed by an " Observer" who is trained as such and that Observer has to be assigned to watch that particular person.

7. Defendant Sgt. Jennifer McCovery, informed her Shift Commander, Defendant Lt. Jones on May 2nd, 2019 as to what the Plaintiff Mykiea Miller had reported.

8. After informing Defendant Sgt. Jennifer McCovery on several occassions for pleas of help

1

on May 2nd, 2019, Defendant Sgt. Jennifer McCovery and Defendant Lt. Jones failed to allow the Plaintiff Mykiea Miller to receive the proper and specialized attention/treatment that I needed, plus Defendant Sgt. Jennifer McCovery failed to serve and protect the Plaintiff Mykiea Miller.

9. Later on May 2nd, 2019, Defendant Sgt. Jennifer McCovery told the Plaintiff Mykiea Miller that " **IF YOU DON'T SHUT THE FUCK UP, SHE WOULD WRITE ME A DISCIPLINARY REPORT."**

10. Several more times, the Plaintiff Mykiea Miller begged Defendant Sgt. Jennifer McCovery to contact someone with Wexford Health Care, and Defendant Sgt. Jennifer McCovery told Plaintiff Mykiea Miller "**DO US ALL A FAVOR JUST GO AHEAD AND JUST KILL YOURSELF**", which placed the Plaintiff, Mykiea Miller in a very depressive state of mind, feeling as though no one cared, and that no one would miss the Plaintiff, and that no one cared anything about or for the Plaintiff Mykiea Miller.

11. While Defendant Sgt. Jennifer McCovery was observing the Plaintiff Mykiea Miller on May 2nd, 2019, as Defendant Sgt. Jennifer McCovery told Defendant Lt. Jones she would do, Defendant Sgt. Jennifer McCovery Ordered Plaintiff Mykiea Miller to go inside of a Chemical room/ closet, which was right next to the Shift Office, but, was not viewable directly from the Shift Office.

12. Plaintiff Mykiea Miller was not sitting in plain view of Defendant Sgt. Jennifer McCovery, while in the Chemical Room/closet, so the Plaintiff stood up and walked into the Chemical Closet with the door open and unsecured and the Plaintiff began drinking CITRUS DEGREASER and BLEACH, in which the Chemical Room/Closet should have been locked at all times, and then especially when housing/holding a Suicidal Inmate, in a hazardous and not controlled setting.

13. Defendant Sgt. Jennifer McCovery had come to stand in front of the Chemical Room/Closet and observed the Plaintiff, Mykiea Miller on May 2nd, 2019 drinking these

2

Chemicals along with Mental Health Observers MRS. ROBINSON and MRS. HARRISON who were there to Observe other Inmates who they were assigned to Observe and both Cubicle Control Operators MRS. POLLARD and MRS. JOHNSON. Plaintiff Mykiea Miller had drunk about 1/2 gallon of the Citrus Degreaser and 1 Cup of Bleach, while Defendant Sgt. McCovery just sat there and smiled and laughed at Plaintiff Mykiea Miller and all the while Defendant Sgt. Jennifer McCovery was watching the Plaintiff do this. Both MRS. POLLARD and MRS. JOHNSON, Cubicle Operators can testify to this.

14. Mrs. Pollard and Mrs. Johnson, Cubicle Control Operator's, had to beat on the cubicle glass window to get Officer M. Cooke's (who was the Dorm Rover) attention to assist in removing the Hazardous Chemicals from the Plaintiff Mykiea Miller's immediate possession.

15. Then and ONLY then was the Plaintiff Mykiea Miller assisted by ALDOC.

16. Plaintiff Mykiea Miller was given a Body Chart by Wexford Health Care to prove this and then Plaintiff Mykiea Miller was Transported by Ambulance to Dale County Medical Center in Ozark, Alabama for NON - LIFE THREATENING INJURIES.

17. It is the Plaintiff Mykiea Miller's allegations that Defendant Sgt. Jennifer McCovery failed to Protect Plaintiff Mykiea Miller by: A). Ordering Plaintiff Mykiea Miller to enter into a unsecured Chemical Closet, which Defendant Sgt. Jennifer McCovery knew held Chemical's and: B). Defendant Sgt. Jennifer McCovery was Negligent by ordering Plaintiff Mykiea Miller into a Unsecured Area and Unsupervised and: C). For ordering Plaintiff Mykiea Miller to go into a unlocked and unsecured Chemical Closet knowing Plaintiff Mykiea Miller was already having Suicidal thoughts, and Plaintiff Mykiea Miller was already suppose to be on Suicide Watch in a unpermitted and regulkated setting to witness Plaintiff Mykiea Miller being held in a Segregation Lobby area with access to chemicals and other dangerous and hazardous chemicals.

18. It is the Plaintiff Mykiea Miller's contention that Plaintiff Mykiea Miller did not receive a Suicide Risk Assessment prior to Plaintiff Mykiea Miller's entry as Plaintiff Mykiea Miller's

3

Institutional Records will show and prove.  Plaintiff Mykiea Miller's Records can further prove that even after Plaintiff Mykiea Miller notified the ALDOC that Plaintiff Mykiea Miller's suicide attempts and intentions were successful, and the times and dates will show that Plaintiff Mykiea Miller should have been in a suicidal setting in an approved area and everything that took place could have been avoided had proper measures of Security been taken.

19.  It is Plaintiff Mykiea Miller's contention that Defendant Sgt. Jennifer McCovery, who is not trained in Mental Health/Suicide, was Negligently watching Plaintiff, Mykiea Miller and because of Defendant Sgt. Jennifer McCover's inexperience and or Training or lack of Training led to this occurring.

20.  Being a Transgender prisoner, Plaintiff Mykiea Miller who is on Hormone Pills, Plaintiff Mykiea Miller did and does in fact have Mental Health Issues which if untreated,  can cause the Plaintiff Mykiea Miller to do harm to her ownself.  Plaintiff Mykiea Miller suffers from GENDER DYSPHORIA and is diagnosed as such and was and is currently being treated for this condition.

21.  It is Plaintiff Mykiea Miller's contention, that Defendant Sgt. Jennifer McCovery and Defendant Lt. Jones both failed in their duties as ALDOC Supervisor's to ensure that the Plaintiff, Mykiea Miller who being a Transgender Prisoner, and who had told both Supervisor's that she, Plaintiff, Mykiea Miller, had " thoughts of Suicide" and " thoughts of harming herself", that both Supervisors had a duty and a responsibility to ensure that Plaintiff Mykiea Miller was taken to the Health Care Unit Immediately to see Plaintiff Mykiea Miller's Mental Health Counselor and or to receive Immediate Mental Health/Medical Attention.

22.  Plaintiff, Mykiea Miller avers that both Defendant Lt. Jones and Defendant Sgt. Jennifer McCovery either had NO Mental Health Training/ Suicide Prevention Training or their Mental Health Training was inadequate or Defendant Lt. Jones and Defendant Sgt. Jennifer McCovery just did not care when it came to Plaintiff Mykiea Miller's well being or safety from Plaintiff Mykiea Miller's ownself, to wit:  Defendant Sgt. Jennefier McCovery verbally telling Plaintiff Mykiea Miller to go ahead and kill herself, Plaintiff, Mykiea Miller, that Nobody gives a Fuck.

4

23. Plaintiff Mykiea Miller avers that both Defednant Lt. Jones and Defendant Sgt. Jennifer McCovery had a clearly established Constitutional Duty to NOT deprive Plaintiff Mykiea Miller of the means in which to harm herself, Plaintiff Mykiea Miller or kill herself, Plaintiff, Mykiea Miller especially when Plaintiff Mykiea Miller is a Transgender Prisoner had made it known to Defendant Lt. Jones and to Defendant Sgt. Jennifer McCovery of Plaintiff Mykiea Miller's desire to harm herself or kill herself, and Plaintiff Mykiea Miller was already on Mental Health Case Load, which was clearly marked in Plaintiff Mykiea Miller's Institutional Files.

24. Plaintiff Mykiea Miller avers that she has lived for over One (1) Year as a Woman while she was living on the streets and before Plaintiff Mykiea Miller was sentenced to prison in the Alabama Department of Corrections.

25. Plaintiff Mykiea Miller avers that Plaintiff Mykiea Miller is receiving Hormone Pills and does in fact have Breasts which is natural to her new sex, and the same does in fact inhibit male hair growth, and does cause a redistribution of body fat.

26. Plaintiff Mykiea Miller avers that by placing a Feminine Person in a all male prison has presented the obvious and most serious of problems of protecting that person from unwanted persecution and or molestation, and harrassment from Staff.

27. Courts have held a genuine Transsexual experiences the " serious medical condition" of Gender Identity Disorder (GID), one that requires some form of treatment.

28. Plaintiff Mykiea Miller avers that Defendant Prison Officials were Objectively and Subjectively aware that Plaintiff Mykiea Miller was in fact suffering from GID. The objective component of this test is satisfied because GID is in fact a serious medical disorder. The Subjective component is allegedly met because Plaintiff Mykiea Miller did in fact alert prison officials to the risk of danger from the disorder by writing letters to the prison officials and alerting them to the possibility of Plaintiff Mykiea Miller attempting suicide, and other self inflicting harm.

5

## RELIEF REQUESTED

Plaintiff Mykiea Miller would seek the following Relief from each Defendant Indpendently and seperately:

A). COMPENSATORY DAMAGES in the amout of $ 15,000.00 from Defendant Sgt. Jennifer McCovery and Defendant Lt. Jones, Individually and Seperately.

B). CONSEQUENTIAL DAMAGES in the amount of $ 15,000.00 from Defendant Sgt. Jennifer McCovery and Defendant Lt. Jones Individually and Seperatly.

C). PUNITIVE DAMAGES in the amount of $ 20,000.00 from Defendant Sgt. Jennifer McCovery and Defendant Lt. Jones Individually and Seperately.

D). SPECIAL DAMAGES in the amount of $ 15,000.00 from Defendant Sgt. Jennifer McCovery and Defendant Lt. Jones Individually and Seperatly.

E). Any further and or different Damges as specifically decided by this Honorable Court.

6

MyKiea Miller
#272920   F-1-54A
VCF 379 Hwy 239, N.
Clayton, AL. 36130

THIS CORRESPONDENCE IS FORWARDED
FROM AN ALABAMA STATE PRISON. THE
CONTENTS HAVE NOT BEEN EVALUATED,
AND THE ALABAMA DEPARTMENT OF
CORRECTIONS IS NOT RESPONSIBLE FOR
THE SUBSTANCE OR CONTENT OF THE
ENCLOSED COMMUNICATION.
KITTRESS LAW LIBRARY



CLERK of COURT
Middle DiStRict of USPS.
FRANK M. JOHNSON JR
CourtHouse ComplEx
1 CHURCH STREET
MONTgOMERY, ALABAMA